IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     Criminal Action No. 5:11CR10
                                                        (STAMP)
JORDAN LAUDERMILT,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR NEW TRIAL**

I. Background

On February 5, 2013, the jury trial of defendant Jordan Laudermilt commenced. On February 6, 2013, the jury returned a verdict finding defendant guilty of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Thereafter, on February 13, 2013, this Court received a letter from the defendant, which this Court construed as a motion to substitute counsel. This Court granted the defendant's motion to substitute counsel. Defendant's new counsel then requested an extension of time to file post-trial motions until after receipt of the relevant pre-trial and post-trial transcripts, which this Court granted.

After receipt of the relevant transcripts, defendant filed a motion for new trial. In this motion, the defendant first argues that his conviction was tainted by the admission of hearsay testimony from the various responding police officers. Specifically, the defendant takes issue with the officers' testimony that the 911 dispatcher informed them a firearm was

involved in the underlying incident that they were responding to. Second, the defendant argues that the admission of testimony regarding the call-out of a SWAT team was extremely prejudicial and was not relevant to any issue at trial. The defendant claims that this testimony, along with the testimony regarding the underlying incident involving a firearm, should have been excluded under Federal Rule of Evidence 403 because its prejudicial impact outweighed its probative value. At trial, defendant's previous counsel did not object to the admission of any of the above-mentioned disputed testimony.

The government filed a response in opposition to the defendant's motion for a new trial. In its response, the government first argues that the testimony regarding a gun being involved in the underlying incident is not hearsay at all, as it was not offered for the proof of the matter asserted, but instead was offered for the limited purpose of explaining why the officers responded to the defendant's residence on the night of the incident. Even if the testimony was offered for the truth of the matter asserted, however, the government argues that because the government introduced the 911 call, which was the basis for the officers' testimony, the fairness, integrity and public reputation of the judicial proceedings were not affected in any manner by the introduction of the officers' testimony. Further, the government argues that the this Court should not have excluded the testimony

under Rule 403, as it was simply background testimony regarding the basis for the officers' response and actions.

The defendant filed a reply wherein he first argued that the government was incorrect, and the testimony was in fact hearsay. He claims that while the information provided to the 911 dispatcher from Shannalee Kuri regarding a firearm being involved falls under a hearsay exception, the repetition of the same or similar information from the dispatcher to the officers is inadmissible hearsay, as the statements were made by the dispatcher out of court for the truth of the matter asserted. Further, the defendant argues that the fact that the officers were told by dispatch that a firearm was involved did not have a tendency to make the existence of any fact in consequence more or less probable than it would be without the evidence. Therefore, the defendant claims that this Court should have excluded such evidence under Federal Rule of Evidence 402, as the evidence was not relevant. Lastly, the defendant again argues that this Court should have excluded the officers' testimony under Rule 403 as it was highly prejudicial and has little probative value.

After considering the parties' memoranda and the applicable law, this Court finds that the defendant's motion for new trial must be denied.

## II. <u>Applicable Law</u>

According to Federal Rule of Criminal Procedure 33(a), a court "may vacate any judgment and grant a new trial if the interest of

justice so requires."  A court, however, "should exercise its discretion to grant a new trial sparingly, and it should do so only when the evidence weighs heavily against the verdict."  United States v. Chong Lam, 677 F.3d 190, 203 (4th Cir. 2012) (internal quotations and citations omitted).  When deciding a motion under Rule 33, a court is not required to "view the evidence in the light most favorable to the government" and it "may evaluate the credibility of the witnesses" if necessary.  United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985).

III. Discussion

A. Hearsay

The defendant first argues that the testimony of the officers that they were responding to an incident involving a firearm was hearsay and should have been excluded based on both the Confrontation Clause of the Sixth Amendment and under traditional hearsay rules.  The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination."  Crawford v. Washington, 541 U.S. 36, 53-54 (2004) (emphasis added).  To determine whether a statement is testimonial, a court must determine "whether a reasonable person in the declarant's position would have expected his statements to be used at trial—that is, whether the declarant would have expected or intended to 'bear witness' against another in a later proceeding."  United States v. Udeozor, 515 F.3d 260,

268, 269 (4th Cir. 2008). The Supreme Court has specifically held that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Davis v. Washington, 547 U.S. 813, 822 (2006).

Davis involved statements made by a non-testifying witness to a 911 dispatcher regarding an ongoing domestic violence situation. Id. at 827. The Supreme Court stated that while the statements made to the dispatcher resulted from a type of interrogation, the statements admitted during trial from the 911 call regarding the identity of the victim's assailant were not testimonial in nature, as the statements were made to enable police assistance to meet an ongoing emergency. Id. The statements made in this case are similar to those made in Davis. Shannalee Kuri called 911 regarding a domestic incident and she informed the dispatcher that a firearm was involved in the incident. Such information was provided to enable police assistance to meet an ongoing emergency, as it allowed the officers to adjust their approach to the incident accordingly. Therefore, this Court finds that the initial statements made to the 911 dispatcher were not testimonial in nature and do not invoke the protections of the Confrontation Clause.

Although the protections of the Confrontation Clause are not applicable, statements may still violate the traditional hearsay

rules.  See id. 821. ("It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.").  Under Rule 801, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801.  "However, an out-of-court statement is not considered hearsay if it is admitted not for its truth but for the limited purpose of explaining to the jury why a police investigation was undertaken."  United States v. King, 36 F.3d 728, 732 (8th Cir. 1994).

The testimony offered in this case is similar to that offered in King.  In King, an agent testified that prior to conducting surveillance on the defendant, he received information that a man at the defendant's residence was selling cocaine while possessing a handgun.  King, 36 F.3d at 731.  The Eighth Circuit held that such testimony was not hearsay as it was offered for the limited purpose of explaining why a police investigation was undertaken.  Id. at 732.  The same can be said of the officers' testimony in this case. Specifically, the officers' testimony in this case was offered to provide background information concerning why the officers were responding to the incident and why a search for a gun was eventually undertaken.  Therefore, it was not hearsay even though they received the information from the 911 dispatcher, who received such information from the 911 caller, Shannalee Kuri.

Even if the evidence was in fact hearsay, however, this Court cannot find that it should hold a new trial in the interest of justice. The 911 call from Kuri, in which the dispatcher garnered the information about a possible firearm being involved, was played for the jury. As such, the officers' testimony only repeated what the jury heard from the original source of the information. Thus, the admission of such testimony cannot justify holding a new trial.

B. <u>Federal Rule of Evidence 403</u>

The defendant next argues that the admission of testimony regarding the call-out of a SWAT team along with the testimony regarding a firearm being involved in the underlying incident was highly prejudicial and should have been excluded under Rule 403. Under Rule 403, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 403, however, "is a rule of inclusion, generally favoring admissibility." <u>United States v. Robinson</u>, 489 F. App'x 676, 677 (4th Cir. 2012) (quoting <u>United States v. Udeozor</u>, 515 F.3d 260, 264-65 (4th Cir. 2008)). "Rule 403 requires exclusion of evidence only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." <u>United States v. Mohr</u>,

318 F.3d 613, 618 (4th Cir. 2003) (internal quotation marks omitted).

This Court finds that the admission of alleged prejudicial testimony does not constitute grounds for this Court to grant the defendant a new trial. While the evidence may have been slightly prejudicial, this Court does not believe that it rose to the level where its prejudicial effect substantially outweighed its probative value. In providing the testimony regarding the firearm and the possible call-out of the SWAT team, the officers were providing an explanation of why they responded to the incident and were also explaining why certain precautions were taken in responding. Further, as stated above, the jury heard the 911 call that resulted in the officers being called to the incident. During this call, Shannalee Kuri informed the dispatcher that the defendant had a firearm. Thus, this minimizes any prejudice that resulted from the officers' testimony regarding a firearm being involved in the incident to which they were responding. As a result, this Court finds that a new trial is not warranted as a result of the admission of the testimony in dispute.

C. Federal Rule of Evidence 402

The defendant lastly argues that the testimony offered by officers concerning a firearm being involved and a possible call-out of the SWAT team was not relevant and should have been excluded. Rule 402 provides that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is

defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. As the Fourth Circuit has noted, "relevance typically presents a low barrier to admissibility." United States v. Leftenant, 341 F.3d 338, 346 (4th Cir. 2003). It "need only be worth consideration by the jury, or have a plus value" to satisfy this barrier. Id. (internal quotations and citation omitted).

This Court finds that the alleged irrelevant testimony does not constitute grounds for this Court to grant the defendant a new trial. The testimony concerning a gun being involved in the incident was admitted as background information concerning why and how the officers were responding to the incident. This evidence was worth consideration by the jury to explain exactly how the firearm was found in the defendant's control. As this evidence is relevant, the interests of justice do not require that this Court grant a new trial based on its admission. Further, while this Court cannot find that the evidence concerning the possible call-out of the SWAT team was necessarily relevant, it also does not find that one reference in a two-day trial to an irrelevant piece of testimony justifies granting the defendant a new trial.

IV. Conclusion

For the reasons stated above, the defendant's motion for a new trial (ECF No. 172) is DENIED.

9

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    June 5, 2013

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE