IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JORDAN LAUDERMILT,

    Petitioner,

v.                                               Civil Action No. 5:15CV121
                                            (Criminal Action No. 5:11CR10)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

The pro se[1] petitioner, Jordan Laudermilt ("Laudermilt"), filed a petition pursuant to 28 U.S.C. § 2255 ("§ 2255") challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report and recommendation denying the motion. Laudermilt timely filed objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the petition, overrules Laudermilt's objections, and dismisses this civil action.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I.  Background

Laudermilt was charged in a one-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The case went to trial, in which a jury found Laudermilt guilty. Laudermilt was sentenced to 120 months imprisonment and three years of supervised release. Laudermilt then filed a notice of appeal. On appeal, Laudermilt challenged his conviction by arguing that the district court (1) committed plain error by admitting a 911 recording and allowing unnecessarily cumulative testimony from responding officers concerning that recording and (2) erred at sentencing in allowing a four-level enhancement for use of a firearm by a prohibited person during the course of the commission of another felony and in including a criminal history point for convictions that resulted from uncounseled pleas. The United States Court of Appeals for the Fourth Circuit affirmed Laudermilt's conviction and sentence in an unpublished per curium opinion. Laudermilt did not petition for certiorari.

Laudermilt then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. In his motion, Laudermilt alleges that his counsel was ineffective for (1) failing to correctly advise him on the law regarding "constructive possession" as it pertains to 18 U.S.C. § 922(g), thereby causing him to reject a plea offer and continue to trial; and (2) failing to object to

jury instructions on actual versus constructive possession that impermissibly highlighted individual pieces of evidence that had been admitted at trial. Specifically, Laudermilt argues that his counsel repeatedly assured him that the government had to prove actual possession and would be unable to do so. For relief, Laudermilt requests (1) an evidentiary hearing and (2) that the Court direct the government to re-offer him a plea agreement containing an offer of a 63-month sentence, and permit him to accept it.

The government argues in response to the § 2255 motion that Laudermilt has shown no deficiency in his trial counsel's performance beyond a mere assertion, which the government argues is without merit. Specifically, the government contends that the record shows that there was ample evidence showing that Laudermilt actually possessed the gun in question and pointed it at his girlfriend in front of witnesses and threatened to shoot her. The government further contends that the district court gave a jury instruction on actual versus constructive possession that was almost exactly the same as defense counsel's own proposed instruction. Laudermilt filed a reply to the government's response in which he reasserts his above-stated arguments.

Magistrate Judge Seibert recommended denying Laudermilt's motion, and Laudermilt filed objections. The magistrate judge found that, while Laudermilt believes he was convicted of

constructive possession of the firearm, a review of the trial transcript shows that there was ample evidence that he was in actual possession of the firearm. The magistrate judge notes that two witnesses testified that Laudermilt brandished the firearm at them while making threatening statements. The magistrate judge also points out that multiple law enforcement officers testified that they heard Laudermilt threatening to kill his girlfriend when they arrived at the scene. Additionally, the magistrate judge explains that Laudermilt made <u>de facto</u> admissions of having brandished the firearm on tapes of his phone calls to his sister from jail.

Accordingly, the magistrate judge found that there is no support in the record for Laudermilt's claim that his counsel was ineffective based on his purported lack of understanding of constructive possession. The magistrate indicated that, at the close of trial, Laudermilt's counsel even requested that the Court eliminate the constructive possession charge because all of the evidence was of actual possession. Thus, the magistrate judge concluded that Laudermilt has proven neither deficient performance nor prejudice, and that his motion should be dismissed.

Laudermilt objected to the magistrate judge's report and recommendation. In his objections, Laudermilt argues that his counsel advised him that, for a jury to find him guilty of actual possession, the government must prove that he actually possessed

the weapon specified in the indictment. Laudermilt believed there was no evidence linking him to possession of the rifle actually specified in the indictment, and he states that his counsel told him that was what the government had to prove. Laudermilt contends that he based his decision to go to a jury trial, rather than accept a plea agreement, on this erroneous information. Laudermilt further claims that both the government in its response and the magistrate judge in his report and recommendation failed to address this specific contention. Laudermilt argues that he is entitled to an evidentiary hearing to determine the truth of his contention. He goes on to state his belief that there is no distinction between actual and constructive possession for the purpose of being found guilty under § 922(g), and that his counsel incorrectly led him to believe there was a distinction.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because Laudermilt filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

5

III. Discussion

A. Ineffective Assistance of Counsel

"[A] movant seeking collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient[,] and (2) that the deficiency prejudiced his defense." United States v. Basham, 789 F.3d 358, 371 (4th Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Counsel's performance was deficient if "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 688. There is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). To show prejudice, "[t]he movant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694).

Laudermilt's trial counsel's performance did not fall below reasonable professional standards because the trial transcript shows that there was ample evidence showing that Laudermilt was in actual possession of the firearm. Accordingly, Laudermilt was not convicted of construction possession but rather of actual possession. Thus, Laudermilt's claim that his counsel was ineffective based on his counsel's purported lack of understanding that he could he could be convicted of constructive possession even if no witness "put the gun in his hands" (ECF No. 6/222 at 4) is inconsistent with the record, the expected testimony at trial, and his claim that his counsel tried to persuade him to enter a plea agreement. Laudermilt's trial counsel even urged the Court to eliminate the constructive possession charge based on his argument that the government's entire case was of actual possession.

This Court further finds that there is no merit to Laudermilt's objection that the government and the magistrate judge did not address his specific contention that the evidence did not link him to possession of the rifle actually specified in the indictment. Laudermilt argued in his petition that the specific firearm named in the indictment was an heirloom incapable of firing, but the government stated in its response that the evidence at trial established that the firearm specified in the indictment was "ful[ly] capable of firing" and that the witness testimony was sufficient to "put [the firearm named in the indictment] in his

7

hands." ECF No. 228 at 4. The magistrate judge also found that the evidence was sufficient to prove that Laudermilt "was in actual possession of the firearm." ECF No. 9/230 at 5. Accordingly, this Court agrees with the magistrate judge's finding that Laudermilt has proven neither deficient performance nor prejudice, and that his motion should be dismissed.

B.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that Laudermilt has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that Laudermilt has not

8

made the requisite showing.  Accordingly, Laudermilt is DENIED a certificate of appealability by this district court.  Laudermilt may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

IV. Conclusion

For the reasons stated, the magistrate judge's report and recommendation (ECF No. 9/230) is AFFIRMED AND ADOPTED.  Accordingly, Laudermilt's motion under 28 U.S.C. § 2255 (ECF No. 1/213) is DENIED.  Further, Laudermilt's objections (ECF No. 11/232) are OVERRULED and his motion for judicial notice in the criminal action (ECF No. 234) is DENIED AS MOOT.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should Laudermilt choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 19, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE